UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MONICA'S RELUCTANCE TO LOB and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., | ) ) ) ) | Civil Action No. 3:24-cv-50249 |
| Plaintiffs, | ) ) | |
| -against- | ) ) | |
| RYBO VENTURES INC. and STEVEN QUIES, | ) ) | **Complaint** |
| Defendants. | ) | |

-------------------------------------------------------------------

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant RYBO Ventures, Inc. ("RYBO") is a

_____

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

corporation organized under the laws of the State of Illinois with offices at 5765 Elevator Road, Roscoe, Illinois 61073.

6.     At all times hereinafter mentioned, RYBO did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Poison Ivy Pub (formerly known as Croc's Pub), located at 5765 Elevator Road, Roscoe, Illinois 61073.

7.     Musical compositions were and are publicly performed at Poison Ivy Pub.

8.     On information and belief, defendant Steven Quies ("Quies" and, together with RYBO, the "Defendants") is an individual who resides and/or does business in this District.

9.     At all times hereinafter mentioned, Quies was, and still is, a member, officer, and/or owner of RYBO.

10.     At all times hereinafter mentioned, Quies was, and still is, responsible for the control, management, operation and/or maintenance of the affairs of RYBO.

11.     At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Poison Ivy Pub, including the right and ability to supervise and control the public performance of musical compositions at Poison Ivy Pub.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at Poison Ivy Pub.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the

public performance rights of its more than 960,000 songwriter, composer, and music publisher members.

14.    Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.    In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by at least the following facts:

(a)    Defendants obtained an ASCAP license agreement, effective October 1, 2001.

(b)    Defendants, however, failed to pay license fees as required by the license agreement.

(c)    Because of Defendant's failure to pay license fees due, on August 14, 2010, upon written notice, ASCAP terminated the Defendant's license agreement.

16.    On numerous occasions since August 14, 2010, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to relicense the establishment.  ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and phone.

17.    Defendants have refused all of ASCAP's offers to relicense Poison Ivy Pub.

18.    As a result of the foregoing, Poison Ivy Pub has been unlicensed by ASCAP since August 14, 2010.

3

19.    ASCAP's various communications offering to relicense Poison Ivy Pub gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at  Poison Ivy Pub constitute copyright infringement.

20.    Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Poison Ivy Pub, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

21.    The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22.    The original musical compositions listed in Column 3 were published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

23.    The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24.    Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Poison Ivy Pub, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25.    The public performances at Poison Ivy Pub of the Plaintiffs' copyrighted musical

compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27.     The many unauthorized performances at Poison Ivy Pub include the performances of the three copyrighted musical compositions upon which this action is based.

28.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

29.     The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Poison Ivy Pub, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars

5

($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

        III.  That Defendants be decreed to pay the costs of this action and that a reasonable

attorney's fee be allowed as part of the costs.

        For such other and further relief as may be just and equitable.

    Dated:        June 24, 2024             Respectfully submitted,

                By:  /s/Kevin Tottis               
                One of its Attorneys

                Kevin Tottis (ARDC No. 6193853)
                ktottis@tottislaw.com
                Keith M. Stolte (ARDC No. 6244848)
                kstolte@tottislaw.com
                Max A. Stein (ARDC No. 6275993)
                mstein@tottislaw.com
                TOTTISLAW
                401 N. Michigan Avenue
                Suite 530
                Chicago, IL 60611
                Tel: (312) 527-1400
                Fax: (312) 589-7192

                *Attorneys for Plaintiffs*

**Schedule A**

| Columns | | | | | | |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| Cause of Action | Plaintiff(s) | Musical Composition | Writer(s) | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | MONICA'S RELUCTANCE TO LOB | ONLY WANNA BE WITH YOU | Mark W. Bryan Everett Felber Darius Rucker James Sonefeld | June 1, 1994 | PA 734-279 | February 16, 2024 |
| 2. | MONICA'S RELUCTANCE TO LOB | LET HER CRY | Mark W. Bryan Everett Felber Darius Rucker James Sonefeld | June 1, 1994 | PA 734-278 | February 16, 2024 |
| 3. | W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | ALLISON ROAD | Robin Wilson | October 8, 1991 | PA 558-835 | February 16, 2024 |